UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA              CRIMINAL ACTION NO. 17-00113-02

VERSUS                                JUDGE S. MAURICE HICKS, JR.

PATRICK POSTON                        MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is Petitioner Patrick Poston's ("Poston") Motion for Compassionate Release. See Record Document 98. The Government has opposed Poston's motion. See Record Documents 102-104. For the reasons set forth below, Poston's Motion for Compassionate Release is hereby **DENIED**.

## BACKGROUND

On August 7, 2017, Poston pled guilty to conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349. See Record Document 48, 50-51. The plea was taken by Magistrate Judge Hornsby and adopted by the undersigned on August 10, 2017. See Record Documents 47-48, 51-52. According to the factual basis, Poston was part of a scheme to break into oilfield services fleet yards and steal Baker Hughes fleet fuel cards, then use the stolen cards at gas stations and truck stops for fuel and other purchases. See Record Document 50-2. The scheme started sometime in 2015, and ended in approximately May/June 2015. See id. The total of the theft from Baker Hughes was over $290,000. See id. On December 28, 2017, Poston was sentenced to 120 months imprisonment and three years of supervised release. See Record Documents 74, 78-79. He was ordered to pay restitution in the amount of $290,227.25, to be paid jointly and severally with co-defendants. See id.

Poston is currently incarcerated at the Coleman II USP in Sumterville, Florida. His projected release date is March 24, 2027. Poston has served approximately 33.9% of his sentence, or 38.1% with all available credits.

## LAW AND ANALYSIS

Poston seeks compassionate release due to his unspecified serious medical condition(s). See Record Document 98 at 1. It appears Poston believes he is particularly vulnerable to becoming seriously ill should he contract COVID-19 in prison. While Poston did not submit medical records, correspondence with the warden as part of his administrative proceeding and medical records obtained by the Government reveal diagnoses of syphilis, depressive disorder, antisocial personality disorder, gender dysphoria, asthma, dermatitis, HIV asymptomatic, high blood pressure, and injury of the wrist, hand, and finger. See Record Document 103 (sealed).

A judgment of conviction, including a sentence of imprisonment, "constitutes a final judgment and may not be modified by a district court except in limited circumstances." Dillon v. United States, 560 U.S. 817, 824, 130 S.Ct. 2683, 2690 (2010). Title 18, United States Code, Section 3582(c) provides that the Court "may not modify a term of imprisonment once it has been imposed," except in three circumstances:

(1) upon a motion by the Bureau of Prisons or the defendant for reduction of sentence under 18 U.S.C. § 3582(c)(1)(A);
(2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); or
(3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

In this case, Poston moves to modify his sentence pursuant 18 U.S.C. § 3582(c)(1)(A). Under this section, the Court may reduce a sentence "if it finds that extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Prior to 2018, only the Director of the BOP could file Section 3582(c)(1)(A) motions, also known as compassionate release motions. In 2018, Congress passed, and President Trump signed the First Step Act, which among other actions, amended the compassionate release process. Under the First Step Act, Section 3852(c)(1)(A) now allows prisoners to directly petition courts for compassionate release. However, before filing compassionate release motions, prisoners must exhaust their administrative remedies in one of two ways:

(1) prisoners may file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or
(2) prisoners may file a motion with the court after requesting release and there has been "the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier."

18 U.S.C. § 3582(c)(1)(A). There is no dispute that Poston has exhausted his administrative remedies and the Court will proceed to the merits.

Subject to considerations of 18 U.S.C. § 3553(a), Section 3582(c)(1)(A) permits a reduction in Poston's term of imprisonment if the Court determines that extraordinary and compelling reasons warrant a reduction. The reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Previously, a district court was confined to the policy statements set forth in U.S.S.G. § 1B1.13 to determine whether a compelling reason existed to grant release. However, the Court of Appeals for the Fifth Circuit recently vacated this restricted examination finding that the policy statements contained under U.S.S.G. § 1B1.13 are only binding on the Court when the motion for compassionate release is brought on the

prisoner's behalf by the BOP.  See U.S. v. Shkambi, No. 20-40543, 2021 WL 1291609, at *3 (5th Cir. 04/07/2021).

The Fifth Circuit instructed that a district court considering a motion for compassionate release brought by the prisoner himself "is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." Id. at *4.  Shkambi did not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under Section 3582(c)(1)(A), as the Fifth Circuit has long recognized that although not dispositive, the commentary to § 1B1.13 informs the district court's analysis as to what reasons may be sufficiently extraordinary and compelling to necessitate compassionate release.  See U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021), citing U.S. v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021).  While not binding, § 1B1.13 suggests that the following are deemed extraordinary and compelling reasons warranting a sentence reduction: (1) the defendant's medical conditions; (2) the defendant's age; (3) family circumstances; or (4) other reasons.  See U.S.S.G. § 1B1.13, cmt. n.1; see also Thompson, 984 F.3d at 433.

"In general, the defendant has the burden to show circumstances meeting the test for compassionate release."  U.S. v. Stowe, No. H-11-803(1), 2019 WL 4673725 at *2 (S.D. Tex. Sept. 25, 2019); see also U.S. v. Ennis, No. EP-02-CR-1430-PRM-1, 2020 WL 2513109, at *4 (W.D. Tex. May 14, 2020) ("[T]he defendant has the burden to show circumstances meeting the test for compassionate release."); U.S. v. Wright, No. 16-214-04, 2020 WL 1976828, at *6 (W.D. La. Apr. 24, 2020) (Petitioner has the "burden of showing the necessary circumstances, or a combination of circumstances, that would warrant relief under the compassionate release statute."). In certain instances, the COVID-19 outbreak may affect whether an inmate can show extraordinary and

compelling reasons warranting compassionate release under Section 3582(c)(1)(A)(i). If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control ("CDC") as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition, in light of the pandemic, may rise to the level of "extraordinary and compelling reasons" under Section 3582(c)(1)(a). In other words, some conditions that would not have previously constituted an "extraordinary and compelling reason" now fall into this category because of the risk of COVID-19.

Poston seems to assert that his asthma, high blood pressure, and gender dysphoria are extraordinary and compelling reasons for release. However, Poston has been fully vaccinated against COVID-19. See Record Document 104 (sealed) at 1. According to the Centers for Disease Control and Prevention, the COVID-19 vaccines available in the United States are highly effective at preventing COVID-19 and may also reduce the risk of serious illness in the case of a COVID-19 infection. See Benefits of Getting a COVID-19 Vaccine, Centers for Disease Control and Prevention, medical conditions, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/vaccine-benefits.html (last visited September 23, 2021). Thus, even with his medical conditions, there is no extraordinary and compelling reason supporting compassionate release in light of his vaccination status. See generally U.S. v. Robinson, No. 3:18-CR-00228-01, 2021 WL 1723542 (W.D. La. 04/30/2021); U.S. v. Jones, No. 14-154, 2021 WL 1172537 (E.D. La. 03/29/2021); U.S. v. White, No. 11-287, 2021 WL 3021933 (W.D. La. 07/16/2021).

Notwithstanding, even if this Court were to find that Poston had extraordinary and compelling reasons for compassionate release, granting such release in this case would not comport with the factors enumerated in Section 3553(a). See 18 U.S.C. § 3582(c)(1)(A). Poston was a key actor in a multi-state conspiracy to commit wire fraud.

See Record Document 83 (PSR) at ¶¶ 9-18, 28.  The victim suffered a loss of over $290,000.  See id. at ¶ 18.  Additionally, Poston has an extensive criminal history and had amassed 24 criminal history points at the time of sentencing.  See id. at ¶¶ 37-41.  Poston has repeatedly failed to comply with the terms of probation and parole and clearly lacks respect for the law.  See id. at ¶¶ 39, 42, 44, 45, 48.  The instant offense was committed while Poston was on supervision.  See id. at ¶ 55.  Poston has served only a fraction of the sentence imposed in this case.  Thus, the Court agrees with the Government that a reduction of sentence would not equate to a "just punishment" under Section 3553(a)(2)(A).  It is this Court's belief that a reduced sentence in this case simply would not reflect the seriousness of the offense, would not promote respect for the law, would not afford adequate deterrence to criminal conduct, and would not protect the public from further crimes of this Defendant.

## CONCLUSION

Based on the foregoing reasons, Poston Motion for Compassionate Release (Record Document 98) be and is hereby **DENIED**.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of October, 2021.

*[Signature]*

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT